UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

FILED

| | |
|---|---|
| IN RE:<br><br>ANGELA BONILLA<br><br>Debtor | Case No. 25-10316-T<br>Chapter 7 |
| MURPHY BRADEN, an individual, and<br>ALAINA FERRARO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ANGELA BONILLA,<br><br>Defendant. | Adv. Proc. No. 11 U.S.C. §523(a)(2), (6)<br><br>DEMAND FOR JURY TRIAL<br>ATTORNEY LEIN CLAIMED |

## ADVERSARY COMPLAINT

**COMES NOW**, Plaintiffs, Murphy Braden and Alaina Ferraro, individuals, by and through their attorneys, John M. Thetford, Grant B. Thetford and Evan M. McLemore, of the Levinson, Smith & Huffman, P.C. law firm, and for their cause of actions against Angela Bonilla, alleges and states as follows:

1. Plaintiffs, Murphy Braden and Alaina Ferraro, are individuals and residents of Tulsa, Tulsa County, State of Oklahoma.

2. Upon information and belief, Defendant, Anegla Bonilla, is an individual residing in Tulsa, Tulsa County, State of Oklahoma.

3. That the cause of action arose in Tulsa, Tulsa County, State of Oklahoma.

4. On or about March 13, 2025, Defendant filed for Chapter 7 Bankruptcy and was assigned case number 25-10316-T.

5. This Court has jurisdiction pursuant to 28 U.S. §§1334, 157(b).

6. Venue is appropriate pursuant to 28 U.S.C. §1409(a), because this adversary proceeding arises under and in connection with a case under Title 11 pending in this District.

7. This is an adversary proceeding to determine the dischargability of a debt.

8. On or about September 26, 2023, Defendant/Debtor signed a residential property disclosure statement, wherein she affirmatively represented to Plaintiffs/Creditors that the home, located at 7323 S. 69th East Court, Tulsa, OK 74133, had never sustained damage from flood, storm run-off, sewer backup, draining or grading defects.

9. Defendant/Debtor also affirmatively represented that that home did not have any surface or ground water drainage systems.

10. Defendant/Debtor also affirmatively represented that she was unaware of any water seepage, leakage, or other draining defects in the improvements on the property.

11. Defendant/Debtor also affirmatively represented that she was unaware of any defect affecting the interior or exterior walls, ceilings, roof structure, slab/foundation, basement/storm cellar, floors, windows, doors, fences, or garages.

12. Each of these representations was false.

13. Plaintiffs purchase this home while Ms. Ferraro was pregnant and purchased this home for their growing family.

14. When this new family moved into the home and experienced their first storm, they realized that the home flooded every time it rained.

15. The grading of the yard created storm run that created a river directly to the home.

16. The home had been recently remodeled when the family moved into the home.

17. When Plaintiffs began to remedy the damage to the home, they noticed historic damage to the walls of the home due to storm run-off and water damage.

18. To Plaintiffs' contractors, it was clear that the remodels were a shoddy and fraudulent

attempt to conceal the water damage to the home.

19. Thus, Plaintiffs brought suit, *Braden, et al. v. Bonilla, et al.*, Case No. CJ-24-2906 (Tulsa Cnty, Okla.), alleging fraud, negligence, negligent misrepresentation, conspiracy, breach of contract, and punitive damages.

20. Caldwell Bankers, not a party to this bankruptcy, assisted Defendant/Debtor in both the purchase of the home at issue and the selling of the home at issue. Thus, Caldwell Bankers had knowledge of or should have had knowledge of the defects in the home.

21. Defendant/Debtor recognizes the crux of this action is based in fraud, as the nature of the case is listed as fraud in Defendant/Debtor's Chapter 7 Bankruptcy, Case No. 25-10316-T (Northern District of Oklahoma) (Dkt.#1, p. 38).

22. As such, this debt is not dischargeable pursuant to 11 U.S.C. §523(a)(2).

**WHEREFORE**, premises considered, Plaintiffs/Creditors pray this Court DENY Defendant/Debtor's request for discharge from the action titled *Braden, et al. v. Bonilla, et al.*, Case No. CJ-24-2906 (Tulsa Cnty, Okla.), together with all other relief this Court deems right and just.

Respectfully submitted,

John M. Thetford, OBA #12892
Evan M. McLemore, OBA #34107
Grant B. Thetford, OBA #33624
LEVINSON, SMITH & HUFFMAN, P.C.
1743 East 71st Street
Tulsa, OK 74136-5108
(918) 492-4433 – Tel.
j.thetford@levinsonlawtulsa.com
evan.mclemore@levinsonlawtulsa.com
grant.thetford@levinsonlawtulsa.com
**Attorneys for Plaintiffs**

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Murphy Braden & Alana Ferraro | **DEFENDANTS** Angela Bonilla |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Levinson, Smith & Huffman, P.C. 1743 E. 71st St. Tulsa, OK 74136 918.492.4433 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Exception to Discharge (11 U.S.C. §523(a)(2))

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 150,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Angela Bonilla | BANKRUPTCY CASE NO.  25-10316-T |||
| DISTRICT IN WHICH CASE IS PENDING  Northern District of Oklahoma | DIVISION OFFICE  Tulsa || NAME OF JUDGE  Hon. Thomas |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE  6/9/25 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Grant Thetford ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.